# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| KENNETH JOHN LECOMPTE<br>JOANNE MATHAS LECOMPTE | CIVIL ACTION NO. 08-1185 |
| VERSUS | JUDGE DOHERTY |
| AFC ENTERPRISES, INC. | MAGISTRATE JUDGE METHVIN |

*MEMORANDUM RULING*
*(Rec. Doc. 6)*

Before the court is plaintiffs' motion to remand, which is opposed. For the reasons below, the motion will be granted subject to a stay order to allow time for any appeal.

*Background*

This matter was originally filed in the 16th Judicial District Court against three defendants: AFC Enterprises, Inc., Stanley Ware, and Fundamental Provisions, LLC. AFC is of diverse citizenship from the plaintiffs, while Ware and Fundamental are not. On July 23, 2008, the state court granted AFC's exception of improper cumulation of actions, and severed the claims against Ware and Fundamental. On August 11, 2008, plaintiffs applied for writs in the Louisiana Third Circuit. On August 14, 2008, AFC timely removed the action to this court alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. The motion to remand followed.

*Arguments of Parties*

In their motion to remand, plaintiffs argue that removal is premature, because an application for writs was filed to review the severance order entered by the state district court, and the order is therefore not final. In support of their argument, plaintiffs cite *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529 (5th Cir. 2006), where the court found that "removal on the basis of an unappealed severance, by a state court, of claims against improperly joined

defendants is not subject to the voluntary-involuntary rule." Plaintiffs emphasize the *Crockett* court's observation that the severance was unappealed, arguing that because they have applied for supervisory writs, *Crockett* dictates that removal in this case is premature – "[t]he *Crockett* decision clearly recognized the significance of the plaintiffs in that case having failed to pursue further review of the state court's severance decision to an appellate court."[1]

In opposition, AFC argues that an order granting an exception of improper cumulation of actions is in interlocutory order, not immediately appealable, and plaintiffs did not take steps to make it immediately appealable under La. C.C.P. art. 1915(B)(1). AFC argues that application for supervisory writs is not the equivalent of an appeal, and the order granting the exception of improper cumulation and severance should be considered an unappealed severance.

In response, plaintiffs argue the real issue is whether the trial court's ruling was final, and whether the ruling is challenged via appeal or supervisory writs is immaterial.

In final reply, AFC emphasizes the practical problems with plaintiffs' interpretation of *Crockett*. Writs are rarely granted, AFC argues, and under plaintiffs' interpretation, removal would be halted while the unlikely writ application was pending. Meanwhile, the one-year time for removal on the basis of diversity under 28 U.S.C. § 1441(b) would be irrevocably ticking away. AFC argues that if plaintiffs' argument is correct, "then a trial court finding of improper joinder will never be removable if a plaintiff takes a interlocutory writ."[2]

---

[1] *Plaintiffs' Memorandum in Support of their Motion to Remand* (rec. doc. 7), p. 4.

[2] *Supplemental Memorandum in Opposition to Remand Motion* (rec. doc. 25), p. 3.

*Applicable Law and Analysis*

The removing party bears the burden of establishing the existence of federal jurisdiction over a state court suit. See, e.g.*, Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397 (5th Cir. 1998). Furthermore, it is axiomatic that the lower federal courts are courts of limited jurisdiction and may exercise only the jurisdiction that has been conferred by Congress. E.g.*, Trizec Properties, Inc. v. U. S. Mineral Products Co.*, 974 F.2d 602, 604 (5th Cir. 1992). Accordingly, there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing the action to federal court, and there is no time limit for filing a motion to remand on the basis of lack of subject matter jurisdiction. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

> 28 U.S.C. § 1446(b) provides in relevant part as follows:
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, **order** or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action. (Emphasis added).

At issue in this case is the application of the "voluntary-involuntary rule" of removal, which the Fifth Circuit applies to determine what type of order makes a case removable. *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir. 1967). As explained in *Weems*, the voluntary-involuntary rule originated in two Supreme Court cases, *Powers v. Chesapeake & O. Ry.*, 169 U.S. 92, 18 S.Ct. 264 42 L.Ed. 673 (1898) and *Whitcomb v. Smithson*, 175 U.S. 635, 20 S.Ct. 248, 44 L.Ed. 303 (1900), which held that a case nonremovable on the initial complaint could become removable only due to a voluntary act of the plaintiff. In *Powers*, the plaintiff

voluntarily dismissed the non-diverse defendants, and the court found the case was removable. In *Whitcomb*, the non-diverse defendants were dismissed by a directed verdict, not by the plaintiff's voluntary act, and the court found the case non-removable. Explaining the purpose of the voluntary-involuntary rule, the *Weems* court stated as follows:

> Although the rule has often been criticized for failing to explicate an underlying rationale, it nevertheless had merit in that it prevents removal of those cases in which the issue of the resident defendant's dismissal has not been finally determined in the state courts. This avoids the duplication and expense which would result if a resident defendant was dismissed on an appealable ground, the nonresident was permitted to remove, and the plaintiff then obtained a reversal of the dismissal in the state appellate courts. On the other hand, that danger does not arise where a plaintiff voluntarily drops a resident defendant since appeal then is not available, and the elimination of the resident defendant from the case is final. *Weems*, 380 at 546 (5th Cir. 1967)(footnotes omitted).

One well-known exception to the voluntary-involuntary rule is fraudulent joinder. The *Crockett* court explained the purpose of the fraudulent joinder exception to the voluntary-involuntary rule was to "prevent plaintiffs from blocking removal by joining nondiverse and/or in-state defendants who should not be parties." *Crockett,* 436 F.2d at 533. *Crockett* iterated that a party can be improperly joined without being fraudulently joined, and the purpose the fraudulent joinder exception to the voluntary-involuntary rule was also served by "recognizing an exception to the voluntary-involuntary rule where defendants are improperly, though not fraudulently, joined." *Crockett*, 436 F.2d at 533. It is the next sentence of *Crockett* that is determinative in this matter: "We therefore conclude that removal on the basis of an *unappealed* severance, by a state court, of claims against improperly joined defendants is not subject to the voluntary-involuntary rule." *Crockett*, 436 F.3d at 533. (Emphasis added). The term "unappealed" is used loosely in *Crockett*, as the severance of claims under Texas state law

generally rests within the discretion of the trial court, and are challenged through writ of mandamus, not appeal.[3]

As plaintiffs point out, in *Crockett,* the state court process relative to the order of severance had ended, and in this matter it has not. The type of state court procedure - writ or appeal - is irrelevant. The pertinent inquiry is whether the purpose of the voluntary-involuntary rule – to avoid duplication and expense if the state court determines that the severed matters should be rejoined - is served by its application to this matter. The answer here is "yes." On the other hand, the purpose of the *exception* to the voluntary-involuntary rule – to discourage plaintiffs from joining improper defendants to block removal – is also pertinent in this case. Here, both goals are implicated in the analysis – preventing expense and duplication, and discouraging improper joinder to defeat diversity, especially with the one-year time limitation for removal. Therefore, a return to controlling principles of federal subject matter jurisdiction is required.

It is well-established that the removing party has the burden to establish federal subject matter jurisdiction. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1325 (5th Cir. 1995). In a fraudulent joinder analysis, the burden to prove fraudulent joinder is a heavy one, and all uncertainties are resolved in favor of the non-removing party. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995). The undersigned sees no reason to vary the burden on the removing defendant when the exception to the voluntary-involuntary rule is improper joinder rather than "fraudulent joinder." In a fraudulent joinder analysis the removing party must prove

---

[3] See, *i.e.*, *In re Travelers Lloyds of Texas Ins. Co.*, —S.W.3d—, 2008 WL 4239493 (Tex.App. - San Antonio, 2008); Tex. R. Civ. P. 41.

that "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the [defendants] in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995)(internal citations omitted). The "possibility" of recovery must be reasonable, and not merely theoretical. *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003). While it is unlikely that the writ application will be granted, there is at least a reasonable possibility that it may. Therefore, the undersigned finds that the removing defendant has not met its burden that the court has diversity subject matter jurisdiction pursuant to 28 U.S.C. §1332.

### *Conclusion*

For the reasons given above, an order of remand will be entered subject to a stay order to allow time for any appeal.

Signed at Lafayette, Louisiana, on November 13, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)