RECEIVED
IN LAFAYETTE, LA.

NOV 0 6 2009

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| KENNETH J. LECOMPTE, ET AL | CIVIL ACTION NO.: 08-1185 |
| VERSUS | JUDGE DOHERTY |
| AFC ENTERPRISES, INC., ET AL | MAGISTRATE JUDGE METHVIN |

### MEMORANDUM RULING

Currently pending before the Court is an appeal of a ruling by the Magistrate Judge, wherein the Magistrate Judge found defendant had not met its burden of showing diversity subject matter jurisdiction was present, and therefore granted plaintiff's motion to remand the matter to state court. [Doc. 26] For the following reasons, this Court finds the ruling which granted plaintiffs' motion to remand should be affirmed, albeit on different grounds than those relied upon by the court below.

### Background

This matter was originally filed in the 16th Judicial District Court for the State of Louisiana against the following defendants: AFC Enterprises, Inc., James W. Lyons, Fundamental Provisions, L.L.C., and Stanley W. Ware.[1] AFC is of diverse citizenship from the plaintiffs, while Ware and Fundamental are not. On July 23, 2008, the state court granted AFC's exception of improper cumulation of actions, finding the claims against Fundamental and Ware did "not have a sufficient community of interest to warrant being cumulated" with the claims against AFC, and thus severed the claims. [Doc. 1-7, p.2] On August 4, 2008, the state court ordered the claims against Ware and Fundamental be separated from the claims against AFC, and that those claims be filed under a new

---

[1] Prior to removal to this Court, the state court granted Mr. Lyons' declinatory exception of lack of jurisdiction over his person. [Doc. 1-5]

docket number. [Doc. 1-9] On August 11, 2008, plaintiffs applied to the Louisiana Third Circuit Court of Appeal for a writ of review, seeking review of the trial court's finding of improper cumulation of actions. On August 14, 2008, AFC timely removed the action to this court, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff's motion to remand followed. [Doc. 6] In ruling on the motion to remand, the Magistrate Judge cited the policies behind the voluntary-involuntary rule and the exceptions thereto (*i.e.* fraudulent joinder and improper joinder), applied a fraudulent joinder analysis[2], and ultimately held:

> While it is unlikely that the writ application will be granted, there is at least a reasonable possibility that it may. Therefore, the undersigned finds that the removing defendant has not met its burden that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

[Doc. 26, p.6]

On appeal, AFC argues "the Magistrate Judge erred in remanding the case by not giving comity to the state court's severance order and, alternatively, by not analyzing whether there was misjoinder under state or federal procedural law." [Doc. 28-2, p.4] AFC further argues "it is improper to remand based upon the assertion that there is a 'reasonable possibility' that the State Court of Appeal may grant the plaintiffs' writ application without any analysis of whether that

---

[2]While the Magistrate Judge appears to have implicitly found improper joinder, she utilized a fraudulent joinder framework, stating, "The undersigned sees no reason to vary the burden on the removing defendant when the exception to the voluntary-involuntary rule is improper joinder rather than 'fraudulent joinder.'" [Doc. 26, p.5] The framework employed was as follows:

> In a fraudulent joinder analysis the removing party must prove that "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the [defendants] in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995)(internal citations omitted). The "possibility" of recovery must be reasonable, and not merely theoretical. *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003).

[Id. at 5-6]

possibility is in fact reasonable." [Id. at 1] Conversely, plaintiffs ask this Court to uphold the Magistrate Judge's ruling.

## Applicable Law and Analysis

As a general matter,

> [A]ny civil action brought in a State court of which the district court of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. §1441(a). If jurisdiction is based on diversity of citizenship, the action is removable only if there is complete diversity and "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

28 U.S.C. §1441(b). Section 1446(b) provides in relevant part as follows:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [diversity citizenship] more than 1 year after commencement of the action.

The removing party bears the burden of establishing the existence of federal jurisdiction over a state court suit. *See e.g., Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397 (5th Cir. 1998). Furthermore, federal courts are courts of limited jurisdiction and may exercise only the jurisdiction that has been conferred by Congress. *See e.g., Trizec Properties, Inc. v. U. S. Mineral Products Co.*, 974 F.2d 602, 604 (5th Cir. 1992). Accordingly, there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing the action to federal court, and there is no time limit for filing a motion to remand on the basis of lack of subject matter jurisdiction. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

The present suit was initially non-removable because Ware and Fundamental, like plaintiffs, are citizens of Louisiana. However, AFC argues diversity jurisdiction now exists, because of the

state court's judgment finding improper cumulation and ordering a severance. AFC asserts the finding of improper cumulation, and subsequent order requiring severance of the claims, qualifies as an "order or other paper from which it may first be ascertained that the case is one which . . . has become removable."[3] 28 U.S.C. §1446(b).

On the other hand, plaintiffs argue because they have applied to the Louisiana Third Circuit Court of Appeal for a writ of review of the severance order, "this Honorable Court should not interject itself in the process of determining the propriety of the joinder of claims in State court when that issue has not been finally decided at the pre-trial stage in State court." [Doc. 30-1, p. 2] In support of their argument, plaintiffs cite *Crockett v. R.J. Reynolds Tobacco Company*, 436 F.3d 529, 532 (5th Cir. 2006), where the court found "removal on the basis of an unappealed severance, by a State court, of claims against improperly joined defendants is not subject to the voluntary-involuntary rule."[4] Plaintiffs emphasize the *Crockett* Court's observation that the severance in that matter was unappealed, and argue in this case, "Unquestionably, had the plaintiff in *Crockett* timely sought review of the state district court's severance order prior to defendant's removal, the *Crockett* Court would have remanded the case to state court. Simply put, a fair reading of the *Crockett* decision leads to no other conclusion." [Doc. 30-1, p. 2]

The pertinent portion of *Crockett* reads as follows:

> Courts have long recognized an exception to the voluntary-involuntary rule where a claim against a non-diverse or in-state defendant is dismissed on account of fraudulent joinder. Fraudulent joinder can be established by demonstrating either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff

---

[3]Plaintiffs do not dispute the matter was timely removed.

[4]"[T]he judicially-created 'voluntary-involuntary' rule ... [provides] 'an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff.'" *Crockett* at 532 (quoting *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir.1967)).

to establish a cause of action against the non-diverse party in state court."

... [T]he severance order issued by the state court cannot be considered equivalent to a finding of actual fraud in the pleadings or an inability of the plaintiffs to establish a cause of action against the health care defendants. Rather, that order merely established that Crockett's claims against the health care defendants should be tried in separate suits. Crockett elected not to appeal that ruling. Fraudulent joinder is therefore no longer an issue in this case.

A party, however, can be improperly joined without being fraudulently joined. Under federal law, defendants are properly joined if (1) "there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all defendants will arise in the action." FED.R.CIV.P. 20(a). Texas has adopted the same requirements for proper joinder. *See* TEX.R. CIV. P. 40(a). If these requirements are not met, joinder is improper even if there is no fraud in the pleadings and the plaintiff does have the ability to recover against each of the defendants.

The state court severed Crockett's claims against the health care defendants from his claims against the tobacco defendants because "the medical negligence and malpractice claim and the burden of proof to sustain [that] claim is totally different [from] the burden of proof ... necessary to secure judgment for product liability." To the extent the severance decision was tantamount to a finding of improper joinder, we agree with that finding.

The fraudulent joinder exception to the voluntary-involuntary rule is designed to prevent plaintiffs from blocking removal by joining nondiverse and/or in-state defendants who should not be parties. That salutary purpose is also served by recognizing an exception to the voluntary-involuntary rule where defendants are improperly, though not fraudulently, joined. We therefore conclude that removal on the basis of an unappealed severance, by a state court, of claims against improperly joined defendants is not subject to the voluntary-involuntary rule.FN7 Accordingly, removal jurisdiction existed in this case upon the severance of Crockett's claims against the nondiverse in-state health care defendants.

> FN7. This conclusion finds support the text of § 1441(b), which does not refer to "nonfraudulently joined" parties. Rather, it blocks removal only where "properly joined" defendants are citizens of the state in which the action is brought.

*Crockett* at 532-33 (footnotes omitted).[5]

In this matter, defendant does not argue there exists "actual fraud in the pleading of jurisdictional facts," or that plaintiffs will be unable to establish a cause of action against Ware or Fundamental in State court. In other words, defendant does not assert fraudulent joinder exists in this matter. Accordingly, this Court must determine whether the defendants were "improperly joined."[6] *Crockett* at 533. Pursuant to FED. R. CIV. P. 20(a)(2):

> Persons ... may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > (B) any question of law or fact common to all defendants will arise in the action.

In the petition filed in this matter, plaintiffs assert claims against all defendants for: (1)

---

[5] Unlike Texas, Louisiana has not adopted the same requirements for proper joinder as federal law. Rather, Louisiana law provides that parties may be joined in the same suit either as plaintiffs or defendants if:

> (1) There is a community of interest between the parties joined;
>
> (2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
>
> (3) All of the actions cumulated are mutually consistent and employ the same form of procedure.

LA. CODE CIV. PROC. art. 463.

[6] This Court will analyze whether joinder was proper under federal law, rather than state law, in compliance with *Doyle v. Stanolind Oil & Gas Co.*, 123 F.2d 900, 903 (5th Cir. 1941)("The question of joinder is purely one of procedure and is controlled by the federal rules. The Texas authorities appellants cite are without application."); *accord Har-Pen Truck Lines, Inc. v. Mills*, 378 F.2d 705, 708 (5th Cir. 1967); *but see Palermo v. Letourneau Technologies, Inc.*, 542 F.Supp.2d 499, 517 (S.D.Miss. 2008)(applying state law to determine whether joinder was proper, reasoning, "It is this Court's opinion that a district court may run afoul of Rule 82 if it uses a federal rule to determine if the plaintiff's claims were properly joined under state law at the time of removal."); *accord Willingham v. State Farm Ins. Co.*, 2009 WL 2767679 (N.D.Miss.).

-6-

violations of the Louisiana Unfair Trade Practices Act, and (2) breach of a contract containing a stipulation pour autri (with the stipulation benefitting plaintiffs). The portions of plaintiffs' petition pertinent to the inquiry before this Court state as follows:

74.

Petitioners show that the [following] actions and/or omissions of AFC ... constitute violations of the Louisiana Unfair Trade Practices Act ... :
...

G) Breach of franchise agreements for the Broussard location and Breaux Bridge location entered into between AFC and Ware by AFC's refusal to approve the sale and transfer of the Broussard location and Breaux Bridge location from Ware to LeCompte, who was an existing franchisee in good standing;

H) Failure to deter in any manner whatsoever the actions directed by Ware in Ware's repeated attempts to lure employees away from LeCompte with offers of employment with Fundamental Provisions and/or Ware ....

75.

Petitioners further show that the [following] actions and/or omissions of AFC ... constitute breaches of the stipulations pour autri for the benefit of LeCompte, as an existing Popeyes franchisee, contained within the franchise agreements entered into between AFC and Ware for the Breaux Bridge location and Broussard location ... :

A) Failure to approve the transfer and sale by Ware to LeCompte of Ware's existing Popeyes franchises in Breaux Bridge, Louisiana and Broussard, Louisiana;

B) Failure to deter in any manner whatsoever the actions directed by Ware in Ware's repeated attempts to lure employees away from LeCompte with offers of employment with Fundamental Provisions and/or Ware ....

77.

Petitioners show that the actions and/or omissions of Fundamental Provisions, and Ware individually, recited hereinabove constitute violations of the Louisiana Unfair Trade Practices Act .... Specifically, Petitioners show that the following

non-exclusive actions and/or omissions were committed by Fundamental Provisions and/or Ware:

...

C) Breach of franchise agreements entered into with AFC for the Broussard location and Breaux Bridge location by the commitment of the intentional inducement of another current AFC franchisee's employees to cause said employees to leave their employment and to accept employment with another competing AFC franchisee ....

78.

Petitioners further show that the actions and/or omissions of Fundamental Provisions, and Ware individually, recited hereinabove constitute breaches of the stipulations pour autri for the benefit of LeCompte, as an existing Popeyes franchisee, contained within the franchise agreements entered into between AFC and Ware for the Breaux Bridge location and Broussard location. Specifically, Petitioners show that the following non-exclusive actions and/or omissions constitute breaches of the stipulations pour autri:

A) Intentional inducement of Bernard, during the second quarter of 2007, to leave Bernard's employment with LeCompte as a manager for the St. Martinville location and Henderson location on or about April 27, 2007, and to accept employment with Fundamental Provisions and/or Ware as a manager for the Broussard location and Breaux Bridge location on or about April 30, 2007;

B) Intentional inducement of LeCompte's employees, during the second quarter of 2007 to present, to leave their employment with LeCompte in order to accept employment with Fundamental Provisions and/or Ware; and,

C) Any and all other actions and/or omissions committed by Fundamental Provisions and/or Ware that constitute a breach of the stipulation pour autri that may be revealed through discovery or proven at trial.

[Doc. 1-4]

The Court finds, in this matter, defendants have been properly joined pursuant to federal law, as a "right to relief is asserted against them jointly, severally, or in the alternative ... arising out of

the same transaction, occurrence, or series of transactions or occurrences," and because there are "question[s] of law or fact common to all defendants [which] will arise in the action." FED. R. CIV. P. 20. Because plaintiffs allege all defendants have violated the stipulation pour autrui contained in the Popeye's franchise agreement (by "poaching" plaintiffs' employees and failing to stop the "poaching" of plaintiffs' employees, and by failing to sell and transfer additional Popeye's locations to plaintiffs), and because all defendants are important and intertwined actors with regard to the alleged underlying facts, the Court finds plaintiffs did not improperly join all defendants in one action. While the result might be different pursuant to Louisiana law, this Court must examine whether or not jurisdiction exists pursuant to federal law. Accordingly, because diversity jurisdiction was not present in this matter as originally filed in state court, and because the case did not become removable through a voluntary act of the plaintiffs (but rather through the state court's severance - an "involuntary" act on the part of plaintiffs), and because this Court has found all defendants were properly joined in one action upon the initial filing, this Court now holds diversity jurisdiction was not present in this matter at the time of removal. *See Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 548 (5th Cir. 1967). Therefore, this matter must be remanded to state court.

## Conclusion

For the foregoing reasons, the Court ORDERS this matter be remanded to the Sixteenth Judicial District Court, State of Louisiana.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ____6____ day of November, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE